IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Scott Kleinschmidt,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>　　　　Respondents. | No. CV 10-0524-PHX-GMS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Petitioner Kelly Scott Kleinschmidt has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Pursuant to a plea agreement, Petitioner was convicted in 2002 in Pinal County Superior Court of attempted aggravated assault and attempted child molestation. (Doc.10, Exh. A at 1). Petitioner was subsequently sentenced to 2.5 years in prison for the first offense and a consecutive term of lifetime probation for the second. (Doc. 10, Exh. A at 2). In August 2004, Petitioner's probation was revoked and he was sentenced to 10 years in prison. (Id.).

On March 12, 2008, Petitioner filed a Notice of Post-Conviction Relief and a Petition for Post-Conviction Relief. (Doc. 10, Exh. B, C). The State of Arizona initially did not dispute the petition and agreed that Petitioner was entitled to be re-sentenced. (Doc. 10, Exh. D). After the trial court vacated Petitioner's 2004 sentence and scheduled a new sentencing

1  hearing, the State moved for reconsideration after it discovered it was mistaken about the
2  impact of an Arizona Court of Appeals decision on Petitioner's sentence. (Doc. 10, Exh. A
3  at 3, E). After a hearing, the trial court vacated its earlier order, denied the petition for post-
4  conviction relief and reaffirmed the 2004 sentence. (Doc. 10, Exh. A at 3). Petitioner filed
5  a Petition for Review in the Arizona Court of Appeals on February 2, 2009. (Doc. 10, Exh.
6  F). The Court of Appeals granted review but denied relief in a Memorandum Decision on
7  May 20, 2009. (Doc. 10, Exh. A). Petitioner did not seek review in the Arizona Supreme
8  Court. (Doc. 1 at 5).
9  Petitioner filed his Petition for Writ of Habeas Corpus in this court on March 8, 2010.
10 (Doc. 1). Petitioner alleges one ground for relief: that his right to due process was violated
11 when a state sentencing statute was improperly applied to his case, resulting in an increased
12 sentence. Respondents filed an Answer to Petition for Writ of Habeas Corpus on June 18,
13 2010. (Doc. 10). Petitioner has not filed a reply.

## DISCUSSION

15 Respondents contend in their answer that Petitioner's claims are barred by the statute
16 of limitations, that the claims allege violations of state law and are not cognizable in a federal
17 habeas petition, and that the claims are procedurally defaulted. As the following analysis
18 shows, the court finds that Petitioner's allegations do not present a cognizable federal claim.
19 Because the petition should be dismissed on that basis, the court need not address whether
20 the petition is untimely or procedurally defaulted.

21 **A.    Cognizable Claims**

22 To be eligible for federal habeas corpus relief, a state prisoner must establish that he
23 is "in custody in violation of the Constitution or laws or treaties of the United States." 28
24 U.S.C. § 2254(a). Federal habeas corpus relief is not available for errors of state law. Lewis
25 v. Jeffers, 497 U.S. 764, 780 (1990). It is not the policy of the federal courts to re-examine
26 state court determinations of state law questions. Estelle v. McGuire, 502 U.S. 62, 67-68
27 (1991). Federal courts are without jurisdiction to review State court applications of state
28 procedural rules. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998). A petitioner may not

1  "transform a state-law issue into a federal one merely by asserting a violation of due
2  process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). "[T]he Supreme Court has
3  long settled that the Fourteenth Amendment does not assure immunity from judicial error or
4  uniformity of judicial decisions." Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006).

**B.     Application**

Respondents argue that Petitioner's claim involves the interpretation and application of a state sentencing statute which is not cognizable on federal habeas review. Further, they argue that identifying it as a due process violation does not convert it to a federal claim.

In his state petition for post-conviction relief, Petitioner argued that he was entitled to relief pursuant to State v. Gonzalez, 216 Ariz. 11, 162 P.3d 650 (App. 2007). In Gonzalez, the Arizona Court of Appeals held that the enhanced sentencing statute for dangerous crimes against children under which Gonzalez was sentenced did not apply to attempted sexual conduct with a minor under the age of twelve. The Court ruled that despite what was likely an oversight by the state legislature, it was bound to follow the plain language of the statute, which did not encompass attempted sexual conduct with a victim under twelve. Id. at 13-14, 162 P.3d at 652-53. The Court therefore concluded that the 7.5 year sentence imposed against Gonzalez for attempted sexual conduct with a minor was illegal, and it remanded the matter for resentencing. Id. at 15, 162 P.3d at 654.

Petitioner, however, was convicted of attempted child molestation, not attempted sexual conduct with a minor. In its Memorandum Decision, the Arizona Court of Appeals in denying relief held that Gonzalez does not apply to Petitioner's crime. (Doc. 10, Exh. A at 4). It also held that Petitioner's post-conviction petition was precluded as untimely in that it did not involve a significant change in the law. (Id.).

Petitioner's habeas petition raises essentially the same claim that he presented in the state post-conviction proceedings. Petitioner's attempt to characterize the claim as a violation of due process does not transform it into a federal claim. The claim turns solely on the interpretation and application of a state sentencing law and is, therefore, not cognizable on federal habeas review. Moreover, by failing to file a reply to Respondents' answer,

Petitioner has done nothing to refute Respondents' argument. Because federal habeas review is unavailable for Petitioner's claim, the court will recommend that the petition be denied.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72

DATED this 23rd day of November, 2010.

Edward C. Voss
United States Magistrate Judge